IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



| | |
|---|---|
| MICHELLE CHARLESTON, CARLOS CHARLESTON | PLAINTIFFS |
| V. | CIVIL ACTION NO. 3:18cv55 HSO-JCG |
| DRIVETIME CAR SALES COMPANY, LLC | DEFENDANT |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant DriveTime Car Sales Company, LLC ("DriveTime"), in accordance with 28 U.S.C. § 1446, hereby provides notice of the removal of the Complaint filed by Michelle and Carlos Charleston ("Plaintiffs"), in the suit titled *Michelle Charleston, Carlos Charleston v. DriveTime Car Sales Company, LLC*, Civil Action No. 17-4053, from the County Court of Hinds County, Mississippi to this Court on the following grounds:

1. Plaintiff filed this action in the County Court of Hinds County on September 8, 2017. According to the Complaint, this lawsuit arises from the Plaintiffs' purchase of a car from DriveTime. Plaintiffs allege that DriveTime inadvertently left Plaintiffs' confidential documents in another vehicle (i.e., a vehicle different than the one Plaintiffs purchased), which were found by a third party. Plaintiffs allege that, as a result of these events, they sustained "serious, grievous, and permanent injuries."

2. Plaintiffs served DriveTime with a copy of a Summons and Complaint (and discovery) on December 26, 2017. See **Exhibit A**. This Notice of Removal is thus timely under 28 U.S.C. § 1446.

3. Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division because that is the district in which the state court action was filed. *See* 28 U.S.C. § 1446(a), 104(b)(1).

4. This Court has original jurisdiction over this action—there is complete diversity of citizenship between DriveTime and Plaintiffs, and there is more than $75,000 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

### I. COMPLETE DIVERSITY EXISTS

5. According to the Complaint, Plaintiffs reside in Hinds County, Mississippi. *See* Complaint at ¶ 1. Upon information and belief, Plaintiffs remain residents of the State of Mississippi at the time of filing this Notice of Removal.

6. DriveTime is an Arizona limited liability company and its members are non-residents of Mississippi. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC is that of all its members).

### II. THE AMOUNT IN CONTROVERSY IS MET

7. Plaintiffs seek an unspecified amount of damages, alleging that they have suffered severe emotional distress and mental anguish, which caused "serious, grievous, and permanent injuries." Complaint at ¶¶ 6, 8-9. Such emotional distress claims support a finding that the amount in controversy exceeds $75,000. *See Anderson v. Wells Fargo Bank, NA*, 2015 WL 4775356, at *2 (S.D. Miss. 2015) ("Mississippi's federal courts have held that 'Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.'"); *Jones v. Hartford Fire Ins. Co.*, No. CIV.A. 12-AR-2879-S, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013) (it is "crystal clear that at the moment a state court plaintiff seeks

unspecified damages of various kinds, such as . . . emotional distress, . . . the claim automatically is deemed to exceed $75,000 . . . .")

8. In addition, Plaintiffs reference the standard necessary for the recovery of punitive damages, alleging that DriveTime acted with "gross and willfully [sic] negligence and reckless disregard." ¶ 6; Miss Code Ann. § 11-1-65. A claim for an unspecified amount of punitive damages will, by itself, demonstrate that the amount in controversy is satisfied. *E.g., St. Paul Reinsurance Co. v. Greenburg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995); *Rogers v. Sunbelt Mgmt Co.,* 52 F.Supp.3d 816, 819-20 (S.D. Miss. 2014).

9. Since complete diversity exists and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, the United States District Court for the Southern District of Mississippi has original jurisdiction pursuant to 28 U.S.C. § 1332.

10. For the reasons described above, DriveTime respectfully requests that this Court proceed with this matter as if it has been originally filed herein. DriveTime further requests any other relief to which it may be entitled.

11. Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with written notice of removal, and a copy of this Notice of Removal is being filed with the Clerk of the County Court of Hinds County, Mississippi.

12. DriveTime is attaching the entire state court record as **Exhibit B**.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of DriveTime's right to assert any defense or affirmative matter including, but not limited to, any defense outlined in Rule 12 of the Mississippi or Federal Rules of Civil Procedure

4838-0566-5370
2930780-000015

as well as any other defense which may be available to it pursuant to any state or federal case law or statute.

This the 24th day of January, 2018.

    Respectfully submitted,

    DRIVETIME CAR SALES COMPANY, LLC

    By Its Attorneys,

    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.

    _/s/ Sterling Kidd_____
    D. STERLING KIDD

OF COUNSEL:

D. Sterling Kidd (MS Bar No. 103670)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, MS 39211
Telephone (601) 351-2410
Facsimile (601) 592-2410
skidd@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed the foregoing *Notice of Removal* via U.S. mail, postage prepaid, to the following counsel of record:

> Damon R. Stevenson
> Stevenson Legal Group, PLLC
> 1010 N. West Street
> Jackson, MS 39202
>
> COUNSEL FOR PLAINTIFFS

This the 24th day of January, 2018

_____
D. STERLING KIDD